COURT OF APPEALS
DECISION
DATED AND FILED

April 7, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1416**

STATE OF WISCONSIN

Cir. Ct. No. **2020CV48**

IN COURT OF APPEALS
DISTRICT II

VILLAGE OF GRAFTON,

   PLAINTIFF-RESPONDENT,

V.

ELIZABETH A. WESELA,

   DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Ozaukee County: SANDY A. WILLIAMS, Judge. *Affirmed*.

¶1    NEUBAUER, C.J.[1]  Elizabeth Wesela appeals from a circuit court order convicting her of operating a motor vehicle while intoxicated (OWI) and

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

with a prohibited alcohol concentration (PAC), both as first offenses.[2]  Although Wesela agrees that evidence supported the police officer's initial stop, she argues that the officer lacked reasonable suspicion to extend the stop to conduct field sobriety tests and further investigation with a preliminary breath test.  Wesela argues that the circuit court erred in denying her motion to suppress all evidence obtained after the stop.  After reviewing the evidence and the court's findings, we conclude that the totality of the circumstances established reasonable suspicion to extend the stop and probable cause to administer a preliminary breath test.  We affirm.

## BACKGROUND

¶2      Wesela filed a de novo appeal to the circuit court after a municipal court denied Wesela's motion to suppress evidence and found her guilty of OWI and PAC.  The circuit court heard and denied a similar suppression motion.  Wesela subsequently waived her jury trial request and agreed to a court trial on the basis of stipulated facts, including the testimony and evidence offered by an officer (the sole witness at the hearing on the motion to suppress), with the exception of the preliminary breath test (PBT) result.

¶3      Wesela was pulled over by a Village of Grafton police officer at around 1:20 a.m. on a June morning after she drove her car away from a parking lot that served as a park-and-ride for Summerfest attendees.  Although the officer did not observe Wesela committing any traffic offenses, he pulled Wesela over

---

[2]  A review of the record shows that the court properly treated both convictions as one for purposes of imposing penalties under WIS. STAT. § 346.65.  *See* WIS. STAT. § 346.63(1)(c) (if a person is found guilty of both OWI and PAC, the court shall treat it as one conviction for purposes of sentencing and for counting convictions).

after determining that the registered owner of the car she was driving had an expired driver's license. The officer "smelled the odor of intoxicants coming from inside the vehicle" when he approached Wesela's driver's side window and noticed that her eyes were "somewhat bloodshot."[3] Wesela admitted that she had been drinking at Summerfest earlier that evening.

¶4    The officer went back to his car to check Wesela's driver's license. After waiting about five minutes for a backup officer to arrive, the officer asked Wesela to step out of the car and onto the sidewalk. The officer asked Wesela additional questions about her drinking that evening after she stepped out of the car. Wesela told the officer that she had consumed four alcoholic seltzers and "two to three beers" over the course of the evening. After Wesela exited her car, the officer smelled intoxicants on her breath. Wesela then submitted to field sobriety tests (FSTs), in which the officer saw sufficient clues to indicate intoxication on two of the three standardized FSTs. The officer then conducted a PBT, which showed a prohibited blood alcohol concentration. The officer placed Wesela under arrest.

¶5    After the officer arrested Wesela for OWI, Wesela agreed to provide an evidentiary breath sample using an intoximeter, which provided a breath alcohol concentration result of .12. The officer then issued the citations referred to above.

---

[3] The officer determined during the course of the stop that the vehicle's registered owner was actually Wesela's mother, not Wesela. In the course of discovering this information, however, he detected signs of impairment.

3

¶6 As noted above, the circuit court first denied Wesela's motion to suppress. The court found that the officer's testimony in general was credible, and specifically found credible and supported by the evidence his observations of bloodshot eyes and the odor of intoxicants and his conclusion that Wesela was intoxicated based on her performance on the FSTs.

¶7 The circuit court then found Wesela guilty of both citations at trial, specifically finding (1) Wesela was operating a motor vehicle; (2) Wesela was operating under the influence; and (3) Wesela was operating with a prohibited alcohol concentration of over .08. In support, the court cited Wesela's performance on the FSTs to which she submitted and "that her eyes were bloodshot," as well as the intoximeter results showing a BAC of .12 about an hour after Wesela's arrest.

¶8 Wesela appeals.

## DISCUSSION

*Standard of Review and the Law of Reasonable Suspicion and Probable Cause to Administer a Preliminary Breath Test*

¶9 It is a mixed question on review whether a motion to suppress evidence should have been granted or not. ***State v. Dumstrey***, 2015 WI App 5, ¶7, 359 Wis. 2d 624, 859 N.W.2d 138 (2014). Unless clearly erroneous, we uphold the circuit court's findings of fact, and we review de novo the application of those facts to constitutional principles. ***Id.*** "A finding of fact is clearly erroneous if it is against the great weight and clear preponderance of the evidence." ***State v. Anderson***, 2019 WI 97, ¶20, 389 Wis. 2d 106, 935 N.W.2d 285.

4

¶10    Temporary detention during a traffic stop is a seizure and, therefore, it must conform to the constitutional requirement of reasonableness. ***State v. Popke***, 2009 WI 37, ¶11, 317 Wis. 2d 118, 765 N.W.2d 569. A law enforcement "officer may stop a vehicle when he or she reasonably believes the driver is violating[, or has violated,] a traffic law." ***State v. Hogan***, 2015 WI 76, ¶34, 364 Wis. 2d 167, 868 N.W.2d 124 (citation omitted). The officer may extend the stop if he or she "becomes aware of additional suspicious factors which are sufficient to give rise to an articulable suspicion that the person has committed or is committing an offense or offenses separate" from the violation that prompted the officer's initial investigation. ***State v. Colstad***, 2003 WI App 25, ¶19, 260 Wis. 2d 406, 659 N.W.2d 394 (citation omitted). An extended inquiry must be supported by reasonable suspicion. ***Hogan***, 364 Wis. 2d 167, ¶35.

¶11    Reasonable suspicion is "a suspicion grounded in specific, articulable facts and reasonable inferences from those facts, that the individual has committed [or was committing or is about to commit] a crime." ***State v. Waldner***, 206 Wis. 2d 51, 56, 556 N.W.2d 681 (1996) (alteration in the original; citation omitted). Reasonable suspicion is a "common sense test" that asks: Under the totality of the circumstances presented, what would a reasonable law enforcement officer reasonably suspect in light of his or her training and experience? ***Colstad***, 260 Wis. 2d 406, ¶8 (citation omitted); *see* ***Hogan***, 364 Wis. 2d 167, ¶¶36-37. "[S]uspicious conduct by its very nature is ambiguous, and the principle function of the investigative stop is to quickly resolve that ambiguity." ***State v. Anderson***, 155 Wis. 2d 77, 84, 454 N.W.2d 763 (1990).

¶12    Under WIS. STAT. § 343.303, an officer may administer a PBT when he or she "has probable cause to believe" the person "is violating or has violated" a state or local drunk driving law. "In this context, 'probable cause to believe'

refs to a quantum of proof greater than the reasonable suspicion necessary to justify an investigative stop, ... but less than the level of proof required to establish probable cause for arrest." *Colstad*, 260 Wis. 2d 406, ¶23 (citation omitted).

*The Officer had Reasonable Suspicion to Extend the Stop*

¶13    Although Wesela concedes that the officer appropriately stopped her car based on the fact that its registered owner had an expired license, she argues that the stop became unlawful as soon as Wesela presented the officer with a facially valid driver's license. We reject this argument. Our supreme court has explicitly stated that it is not an unlawful extension of a traffic stop for an officer to perform a routine check on a driver's license. *See State v. Smith*, 2018 WI 2, ¶2, 379 Wis. 2d 86, 905 N.W.2d 353. ("[W]hen an officer conducts a valid traffic stop, part of that stop includes checking identification.").

¶14    Wesela also argues that the officer's decision to extend the traffic stop to perform the FSTs was not supported by reasonable suspicion; as a result, she argues, the prolonged stop became an unlawful seizure. However, when the totality of the facts present at the scene are considered, we conclude that those facts amount to reasonable suspicion that Wesela was operating under the influence. *See State v. Lange*, 2009 WI 49, ¶23, 317 Wis. 2d 383, 766 N.W.2d 551 (a court considers whether "the totality of the circumstances within [the officer's] knowledge at the time of the arrest would lead a reasonable police officer to believe ... that the defendant was [driving] under the influence of an intoxicant").

¶15    Specific articulable facts supporting reasonable suspicion that Wesela was operating under the influence included the odor of intoxicants emanating from her vehicle, her bloodshot eyes, her admission that she had been

6

drinking at the festival, and the timing of the incident in the early morning hours when the officer observed Wesela leaving the festival bus.[4]  *See, e.g.*, **Lange**, 317 Wis. 2d 383, ¶¶30, 32, 37-38.  Because there was reasonable suspicion to extend the stop to perform the FSTs, the circuit court properly denied Wesela's motion to suppress.

*The Officer had Probable Cause to Administer the PBT*

¶16    Wesela next argues that even assuming that the officer had reasonable suspicion to extend the stop and conduct FSTs, the officer lacked probable cause to administer the PBT.  We reject this argument.  The totality of the FST evidence discussed above, wherein Wesela exhibited signs of intoxication, along with the other facts the officer observed, was sufficient cause for the officer to request the PBT sample.

---

[4] Wesela contends the circuit court's findings were clearly erroneous, arguing that the video does not show bloodshot eyes, and the officer did not report bloodshot eyes to his colleague when discussing his decision to have Wesela perform the FSTs.  She also notes that the officer indicated to his colleague that he thought she was not "overly intoxicated" and he reported to his colleague and Wesela that he smelled "a little bit" of alcohol coming from the car.  As discussed above, the circuit court found the officer to be credible, as the officer did not need to detail the basis for the FSTs to his colleague, and that, while Wesela may not have evidenced a high level of intoxication, the indications were sufficient to support reasonable suspicion.  Wesela has failed to establish that the court's findings are clearly erroneous.  We defer to the court's finding that the officer's testimony was credible.  The circuit court, as the factfinder here, is in a better position to assess credibility and resolve any inconsistencies in the testimony and thus we largely defer to it on witness credibility.  *See State v. Carnemolla*, 229 Wis. 2d 648, 660-61, 600 N.W.2d 236 (Ct. App. 1999) ("[m]ore often, credibility, or lack thereof, is revealed by a close examination of the witness's demeanor.")  (Alteration in original; citation omitted).

Additionally, "when evidence in the record consists of disputed testimony and a video recording, we will apply the clearly erroneous standard of review when we are reviewing the [circuit] court's findings of fact based on that recording."  *State v. Walli*, 2011 WI App 86, ¶¶14, 17, 334 Wis. 2d 402, 799 N.W.2d 898 ("Here, the [circuit] court's ruling involved not simply the review of the video, the court also evaluated the credibility of the officer and weighed all of the evidence.").

¶17    As stated above, an officer may administer a PBT when he or she has "probable cause to believe" the person is violating a drunk driving law. *See* WIS. STAT. § 343.303. "[P]robable cause to believe" here requires proof beyond what is required for an investigative stop, but is less than the level of proof required to arrest. *Colstad*, 260 Wis. 2d 406, ¶23 (citation omitted).[5]

¶18    Wesela argues that the FSTs the officer administered were unreliable because they failed to conform to the standardized procedures approved by the United States Department of Transportation's National Highway Traffic Safety Administration. She complains that the video shows the position of the officer's pen was too high when performing the horizontal gaze nystagmus test (HGN), and his directions on the walk and turn test were unclear. We reject this argument. Whether the tests were properly administered goes to their weight and not their admissibility. *See City of West Bend v. Wilkens*, 2005 WI App 36, ¶1, 278 Wis. 2d 643, 693 N.W.2d 324; *see also State v. Krumm*, No. 2019AP243-CR, unpublished slip op. ¶18 (WI App May 5, 2020) ("We are not persuaded that the deficient administration of the HGN test in this case renders the test results so devoid of probative value that they cannot be considered within the totality of the circumstances analysis.").

¶19    The officer saw clues of intoxication on two of the three standard FSTs. Wesela argues that the officer's failure to observe signs of intoxication on all of the tests resulted in the officer lacking probable cause to administer a PBT.

---

[5] To support probable cause to arrest, the weight of the evidence need not show guilt beyond a reasonable doubt or even that guilt is a likelihood. *State v. Truax*, 151 Wis. 2d 354, 359-60, 444 N.W.2d 432 (Ct. App. 1989). Rather, if the information leads a reasonable officer to believe that guilt is more than a possibility, probable cause to arrest exists. *Id.* at 360.

She also points to the officer's acknowledgement that the number of clues was just enough to support his conclusion that she exhibited potential intoxication. However, Wesela's argument overlooks the fact that the clues did support his conclusion that she was possibly intoxicated, along with his testimony that he smelled intoxicants in Wesela's vehicle and observed bloodshot eyes and that, before the officer administered the FSTs, he smelled intoxicants on her breath and she had admitted to drinking a substantial number of alcoholic drinks—six or seven—before getting in her car in the early morning hours.

¶20 Wesela's argument also overlooks the fact that she asked the circuit court to make a finding that the officer administered the FSTs incorrectly, but the court did not make such a finding. To the contrary, the court found that on both the HGN test and the walk and turn test, Wesela "demonstrated that there's impairment possible because of the different clues." These facts, as found by the court after watching the videos and hearing the officer's testimony, indicated that Wesela was intoxicated, and created sufficient probable cause for the officer to administer the PBT.[6] *See Colstad*, 260 Wis. 2d 406, ¶¶24-25 (explaining that, despite fact that defendant performed well on some of the FSTs, his performance on other FSTs combined with the other clues the officer observed was sufficient probable cause to administer a PBT).

¶21 Wesela does not argue that the officer did not have cause to administer the intoximeter test if he had probable cause to arrest, which we

---

[6] Wesela claims that she is challenging probable cause to arrest, but our review of the briefing indicates that she is actually challenging only probable cause to administer the PBT.

conclude he did. She also does not challenge the intoximeter results, which showed that she had a .12 BAC. Therefore, we uphold her arrest.

## CONCLUSION

¶22 The totality of the circumstances established reasonable suspicion to extend the stop to conduct field sobriety tests and probable cause to administer a preliminary breath test.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.